FAYE CHEN BARNOUW, Cal. Bar No. 168631
JENNIFER M. BRENNAN, Cal. Bar No. 225473
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Telephone: (310) 824-4343
Facsimile:  (310) 824-4380
e-mail: fbarnouw@ftc.gov; jmbrennan@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL PREMIUM SERVICES, INC., a California corporation (also known as Premier Benefits, Inc.); CONSUMER REWARD NETWORK, INC., a California corporation; STAR COMMUNICATIONS LLC, a California limited liability company; MEMBERSHIP SERVICES DIRECT, INC., a Nevada corporation (also known as Continuity Partners, Inc.); CONNECT2USA, INC., a Nevada corporation; MERCHANT RISK MANAGEMENT, INC., a Nevada corporation; PANTEL ONE CORPORATION, a Nevada Corporation; ALL STAR ACCESS, INC., a Colorado Corporation; PRIME TIME VENTURES, INC., a Nevada Corporation; BRIAN K. MACGREGOR; HARIJINDER SIDHU; JOSEPH F. LAROSA, JR.; PRANOT SANGPRASIT; WILLIAM THOMAS HEICHERT; MICHAEL HOWARD CUSHING; PAUL P. TOSI; MANH D. CAO; MIDWEST PROPERTIES, INC.; and CHRISTINE MACGREGOR, <br><br> Defendants. | Case no. CV06-0849 GW (OPx) <br><br> FINAL MONETARY JUDGMENT AGAINST DEFENDANTS BRIAN K. MACGREGOR AND MEMBERSHIP SERVICES DIRECT, INC. (ALSO KNOWN AS CONTINUITY PARTNERS, INC.) |

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. Unless otherwise specified, **"Corporate Defendants"** means Membership Services Direct, Inc. (also known as Continuity Partners, Inc.); Universal Premium Services, Inc. (also known as Premier Benefits, Inc.); Consumer Reward Network, Inc. (also known as Best Buy Alliance, Inc.); Star Communications LLC; All Star Access, Inc.; Prime Time Ventures, Inc. Connect2USA, Inc.; Merchant Risk Management, Inc.; and Pantel One Corporation.

2. Unless otherwise specified, **"Defendants"** mean Brian K. MacGregor and Membership Services Direct, Inc. (also known as Continuity Partners, Inc.).

3. Unless otherwise specified, **"Order"** means this "Final Monetary Judgment Against Defendants Brian K. MacGregor and Membership Services Direct, Inc. (also known as Continuity Partners, Inc.)."

4. **"Plaintiff"** means the Federal Trade Commission.

5. **"Permanent Injunctions"** means the "Final Order For Permanent Injunction and Other Equitable Relief Against Defendant Brian K. MacGregor" and the "Final Order for Permanent Injunction and Other Equitable Relief Against Defendant Membership Services Direct, Inc. (a/k/a Continuity Partners, Inc.)," filed on February 26, 2007, and entered on February 27, 2007, which permanently ban Brian MacGregor from engaging or participating in telemarketing of any kind, in any manner or capacity whatsoever, permanently enjoin Defendants from violating the Federal Trade Commission Act and the FTC's Telemarketing Sales Rule, and impose on Defendants certain record-keeping and compliance reporting requirements.

6. **"Preliminary Injunction Order"** means the "Preliminary Injunction with Asset Freeze, Appointment of Permanent Receiver, and Other Equitable Relief" entered in this case on March 22, 2006.

7. **"Receiver"** means Robb Evans & Associates LLC, the permanent receiver appointed over the Receivership Defendants in the Preliminary Injunction

Order entered on March 22, 2006, in this case. The term "Receiver" also includes any deputy receivers as may be named by the permanent receiver.

8. **"Special Master's Report"** means the "Report and Recommendation of Special Master Hon. Lourdes G. Baird," filed on August 8, 2007.

9. **"Summary Judgment Order"** means the "Order Granting in Part FTC's Motion for Summary Judgment Against Brian MacGregor and Membership Services Direct, Inc. (a.k.a. Continuity Partners, Inc.)" which the Court filed on February 21, 2007, and entered on February 28, 2007.

10. **"Undisputed Facts"** means the "Statement of Undisputed Facts in Support of FTC's Motion for Summary Judgment, or In the Alternative for Summary Adjudication of Issues, Against Brian MacGregor and Membership Services Direct, Inc." filed on February 9, 2007, and entered on February 12, 2007, which the Court adopted (undisputed facts #1 through #23), with the exception of the damages section (proposed undisputed facts #24 through #27), in its Summary Judgment Order.

## FACTUAL BACKGROUND

Plaintiff Federal Trade Commission ("FTC" or "Commission"), commenced this action by filing its Complaint, and subsequently its Amended Complaint, for injunctive and other equitable relief pursuant to Sections 13(b) and 19(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b(a), the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101 *et seq.*, and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, promulgated pursuant to the Telemarketing Act, charging that Defendants and others engaged in deceptive acts or practices in violation of Section 5 of the FTC Act and the TSR.

On February 21, 2007, the Court filed the Summary Judgment Order, which granted in part the FTC's motion for summary judgment on all counts against

Defendants Brian MacGregor and Membership Services Direct, Inc. (also known as Continuity Partners, Inc.) ("Defendants") and which adopted all of the FTC's proposed findings of fact, as set forth in the Undisputed Facts filed on February 9, 2007, except for the proposed undisputed facts pertaining to the amount of damages. The Summary Judgment Order reserved the determination of the amount of monetary relief to be imposed against Defendants for trial. The Summary Judgment Order also held that the monetary relief to be imposed against Defendants is a debt to the FTC that Defendants may not discharge in bankruptcy.

Pursuant to the Summary Judgment Order, on February 26, 2007, the Court filed Permanent Injunctions, which permanently enjoin Defendants from, among other things, violating the FTC Act and the FTC's TSR, and which impose upon Defendants certain record keeping and compliance reporting requirements.

On July 17, 2007, in a proceeding stipulated to by Plaintiff FTC and Defendants and ordered by the Court in order to resolve the issue of the amount of monetary relief to be awarded against Defendants in the FTC's favor, Special Master Hon. Lourdes G. Baird (ret.) received testimonial and documentary evidence to resolve factual disputes as to amounts of monies taken in by the Corporate Defendants, monies remanded to customers by the Corporate Defendants, and any costs of operations of the Corporate Defendants. On August 8, 2007, after post-hearing briefing by the parties, the Special Master filed the Special Master's Report with the Court. The parties were provided an opportunity to file objections to the Special Master's Report.

This Order addresses the amount of monetary relief being imposed against Defendants.

**ORDER**

Pursuant to Rule 53(g)(3) and (4) of the Federal Rules of Civil Procedure, the Court has reviewed *de novo* the Special Master's Report, the evidence presented at the Special Master proceeding, and the parties' objections to the Special Master's

Report, and HEREBY MAKES FACTUAL FINDINGS AND ORDERS, ADJUDGES, AND DECREES as follows:

## I.
## FINDINGS OF FACT

1. This Court has jurisdiction of the subject matter of this case and the parties pursuant to 15 U.S.C. §§ 45(a), 53(b), and 57(b), and 28 U.S.C. §§ 1331, 1337(a) and 1345.

2. Venue in this District is proper under 15 U.S.C. §53(b) and 28 U.S.C. §§ 1391(b) and (c).

3. The activities of Defendants, as alleged in the Amended Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The Amended Complaint states a claim upon which relief may be granted under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b.

5. Membership Services Direct, Inc. (also known as Continuity Partners, Inc.), Universal Premium Services, Inc. (also known as Premier Benefits, Inc.), Consumer Reward Network, Inc., Star Communications LLC, All Star Access, Inc., and Prime Time Ventures, Inc. made material misrepresentations to consumers in violation of Section 5(a) of the FTC Act.

6. Membership Services Direct, Universal Premium Services, Consumer Reward Network, Star Communications, All Star Access, and Prime Time Ventures misrepresented material aspects of the nature or terms of their refund and cancellation policies in violation of Section 5(a) of the FTC Act and Section 310.3(a)(2)(iv) of the FTC's TSR.

7. Membership Services Direct, Universal Premium Services, Consumer Reward Network, Star Communications, All Star Access, and Prime Time Ventures misrepresented their affiliation with or endorsement or sponsorship by, a person or government entity in violation of the FTC Act and TSR Section 310.3(a)(2)(vii).

8. Membership Services Direct, Universal Premium Services, Consumer Reward Network, Star Communications, All Star Access, and Prime Time Ventures caused billing information to be submitted, directly or indirectly, without the express informed consent of the customer, in violation of the FTC Act and TSR Section 310.4(a)(6).

9. Membership Services Direct, Universal Premium Services, and Star Communications engaged in threats, intimidation, or the use of profane or obscene language in connection with the telemarketing of goods or services, in violation of the FTC Act and TSR Section 310.4(a)(1).

10. Membership Services Direct, Universal Premium Services, Consumer Reward Network, and Star Communications initiated or caused a telemarketer to initiate an outbound telemarketing call to a person when that person previously stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered, in violation of the FTC Act and TSR Section 310.4(b)(1)(iii)(A).

11. Brian MacGregor provided substantial assistance or support to a telemarketer or seller when knowing or consciously avoiding knowing that the telemarketer or seller was engaged in an act or practice that violates Section 310.3(a), (c), or (d), or Section 310.4 of the TSR, in violation of the FTC Act and TSR Section 310.3(b).

12. Brian MacGregor had authority to control Membership Services Direct, Universal Premium Services, Consumer Reward Network, Star Communications, All Star Access, and Prime Time Ventures.

13. Brian MacGregor directly participated in the telemarketing campaigns of Membership Services Direct, Universal Premium Services, Consumer Reward Network, Star Communications, All Star Access, and Prime Time Ventures.

14. Brian MacGregor knew or should have known of the deceptive or abusive business practices of Membership Services Direct, Universal Premium

Services, Consumer Reward Network, Star Communications, All Star Access, and Prime Time Ventures.

15.   Brian MacGregor is liable for both injunctive and monetary relief for his violations of the FTC Act and the TSR.

16.   During the period January 1, 2003, through February 22, 2006, the Corporate Defendants' gross revenues were $109,553,256; their chargebacks, refunds, and returns were $46,509,491; and their costs of operation were $34,810,641.

17.   Taking into account the Corporate Defendants' chargebacks, refunds, returns, and costs of operation, the Corporate Defendants' net profits for the period January 1, 2003, through February 22, 2006, were $28,233,124.

## II.
## MONETARY JUDGMENT

IT IS THEREFORE ORDERED that:

A.   Defendants are ordered to pay to the FTC a monetary judgment in the total amount of $28,233,124 **(twenty-eight million, two hundred thirty-three thousand, one hundred twenty-four dollars)**. Defendants are jointly and severally liable for this monetary obligation.

B.   The judgment is immediately due and payable and interest at the rate prescribed in 28 U.S.C. § 1961 shall immediately begin to accrue.

C.   Within ten (10) business days of the date of entry of this Order:

1.   1st National Bank of Nevada shall transfer to the FTC or its designated agent, by wire pursuant to instructions provided by the FTC, all frozen assets held in the name of Brian MacGregor;

2.   Irwin Union Bank shall transfer to the FTC or its designated agent, by wire pursuant to instructions provided by the FTC, all frozen assets held in the name of Brian MacGregor;

   3. AFTRA SAG Federal Credit Union shall transfer to the FTC or its designated agent, by wire pursuant to instructions provided by the FTC, all frozen assets held in the name of Brian MacGregor;

  D. To the extent any identified third party cannot comply with Section II.C without the assistance of Defendants, such party must, within three (3) business days of receiving this Order, notify Defendants and counsel for the FTC of its inability to comply. Such notification shall specify the actions by Defendants that are necessary for such third party to comply with this Order; and Defendants shall, within one (1) business day, complete any action necessary to facilitate the identified third parties' ability to timely comply with Section II.C.

  E. Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

  F. The judgment set forth herein may be used by the FTC and the Receiver for the purpose of taking all necessary or appropriate post-judgment collection steps, including but not limited to obtaining and levying writs of execution and creating, perfecting, and enforcing judgment liens on any real or personal property of Defendants. The Clerk of the Court is hereby directed to accept this Order and judgment set forth herein for the purpose of issuing writs of execution, abstracts of judgment and any other post-judgment process at the request of the FTC or the Receiver.

  G. IT IS FURTHER ORDERED that all funds paid to the Commission or its agent pursuant to Section II of this Order may be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress fund. In the event that direct redress to consumers is wholly or partially impracticable or that funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief

(including consumer information remedies) as it determines to be reasonably related to the practices alleged in the First Amended Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Section.

### III.
### Lifting of the Asset Freeze

IT IS FURTHER ORDERED that the freeze of Defendants' assets pursuant to Sections IV (Asset Freeze) and V (Retention of Assets and Documents by Financial Institutions and Other Third Parties) of the Preliminary Injunction Order shall be lifted to the extent necessary to turn over assets as required by Section II of this Order, and, upon completion of those transfers, shall be lifted permanently.

### IV.
### Acknowledgment and Receipt of Order

IT IS FURTHER ORDERED that Defendants, within five (5) business days of receipt of this Order as entered by the Court, shall execute and submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

### V.
### Permanent Receivership Duties

IT IS FURTHER ORDERED that except as expressly stated in this Order, this Order does not abridge or terminate the Receiver's authority and duties as set forth in the Preliminary Injunction Order.

### VI.
### Nondischargeability of Monetary Judgment

IT IS FURTHER ORDERED that the Monetary Judgment ordered in Section II of this Order is not dischargeable in bankruptcy.

## VII.
## Fees and Costs

IT IS FURTHER ORDERED that each party to this Order shall bear its own costs and attorneys' fees incurred in connection with this action.

## VIII.
## Retention of Jurisdiction

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## IX.
## Severability

IT IS FURTHER ORDERED that the provisions of this Order are separate and severable from one another.  If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

**IT IS SO ORDERED.**

Dated: January 9, 2008                    _____
                                          The Honorable George H. Wu
                                          United States District Court Judge

# CERTIFICATE OF SERVICE

I, Faye Chen Barnouw, certify as follows:

I am over the age of 18 and am an attorney for the Federal Trade Commission. My business address is 10877 Wilshire Boulevard, Suite 700, Los Angeles, California 90024. On January 4, 2008, I caused the attached document entitled "[PROPOSED] FINAL MONETARY JUDGMENT AGAINST DEFENDANTS BRIAN K. MACGREGOR AND MEMBERSHIP SERVICES DIRECT, INC. (ALSO KNOWN AS CONTINUITY PARTNERS, INC.)" to be served to:

| | |
|---|---|
| Tom Brown and Ken White<br>Brown & White LLP<br>333 S. Hope Street, 36th Floor<br>Los Angeles, CA 90071<br>e-mail: tbrown@brownwhitelaw.com<br>e-mail: kwhite@brownwhitelaw.com | *Via e-mail by consent of the recipient*<br>Counsel for Defendants Brian MacGregor and Membership Services Direct, Inc. (aka Continuity Partners, Inc.) |
| John Genga and Don C. Moody<br>Genga & Associates, P.C.<br>15260 Ventura Blvd., Suite 1810<br>Sherman Oaks, CA 91403<br>e-mail: jgenga@gengalaw.com<br>e-mail: donm@gengalaw.com | *Via e-mail by consent of the recipient*<br>Counsel for Defendants Joseph F. LaRosa, Jr., Pranot Sangprasit, William Heichert, Michael H. Cushing, Paul Tosi, and Manh Dac Cao |
| Jeffrey K. Riffer<br>Jeffer Mangels et al LLP<br>1900 Ave Of The Stars 7FL<br>Los Angeles, CA 90067-4301<br>e-mail: jriffer@jmbm.com | *Via e-mail by consent of the recipient*<br>Counsel for Defendant Harijinder Sidhu |
| Kent Johnson and Brick Kane<br>Robb Evans & Associates LLC<br>11450 Sheldon St<br>Simi Valley 91352<br>e-mail: kenton.johnson@robbevans.com<br>e-mail: brick_kane@robbevans.com | *Via e-mail by consent of the recipient*<br>Permanent Receiver |
| Gary O. Caris and Lesley A. Hawes<br>McKenna Long & Aldridge<br>444 South Flower Street, 8th Floor<br>Los Angeles, CA 90071-2901<br>e-mail: gcaris@mckennalong.com<br>e-mail: lhawes@mckennalong.com | *Via e-mail by consent of the recipient*<br>Counsel for Permanent Receiver |

1  John M. McCoy and Jason D. Kogan        *Via e-mail by consent of the recipient*
2  Bird, Marella, Boxer, Wolpert, Nessim,    Counsel for Defendants
   Drooks & Lincenberg, P.C.                Christine MacGregor and Midwest
3  1875 Century Park East, 23rd Floor       Properties, Inc.
   Los Angeles, California 90067-2561
4  e-mail: jmm@birdmarella.com
   e-mail: jdk@birdmarella.com
5
       I declare under penalty of perjury that the foregoing is true and correct.
6
7  Dated: January 4, 2008           _____
                                    Faye Chen Barnouw