UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL PREMIUM SERVICES, INC., a California corporation (also known as Premier Benefits, Inc.), *et al.*<br><br>Defendant. | Case No.: CV 06-0849-GW(OPx)<br><br>STIPULATED PROTECTIVE ORDER REGARDING UNIQUE ACCOUNTING, LLC DOCUMENTS AND TESTIMONY |

The Court enters this protective order pursuant to Fed. R. Civ. P. 26(c).

1. A. <u>PURPOSES AND LIMITATIONS</u>

All material obtained in the discovery of this litigation is presumptively public unless it satisfies the conditions set out herein. Responses to subpoenas (the "Subpoenas") issued in this action by the Federal Trade Commission ("FTC") and served upon Unique Accounting, LLC ("Unique Accounting") (collectively referred to herein as the "undersigned parties") are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the undersigned parties hereby stipulate to and petition the Court to enter the following

1

Stipulated Protective Order. The undersigned parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The undersigned parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. GOOD CAUSE STATEMENT

Documents produced in response to the Subpoenas may involve trade secrets, and other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Unique Accounting is a firm of certified public accountants and business consultants that routinely receives and maintains documents and information that its clients deem private and confidential, such as sensitive personal information (defined below), confidential financial information, confidential business information, or other proprietary and/or confidential information, related to its clients' businesses, income, operations, and employees. Accordingly, to expedite the flow of information, to facilitate the prompt

resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

    2.1    Action: *FTC v. Universal Premium Services, Inc., et al*, in the United States District Court for the Central District of California, Case No. 2:06-cv-0849-GW (OPx).

    2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items as "Confidential" under this Order.

    2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and either (a) contains Sensitive Personal Information, or (b) is Certified as Confidential pursuant to Section 5 below.

    2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that Unique

Accounting produces or generates in disclosures or responses to discovery or any subpoena in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>: attorneys who are employees of the undersigned parties or any other party to this Action and staff assisting those attorneys. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise the undersigned parties or any party to this Action and have appeared in this Action on behalf of that party or are attorneys with a law firm which has appeared on behalf of that party, and includes support staff assisting those attorneys.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs assisting those attorneys).

2.12 <u>Producing Party</u>: Unique Accounting.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that Unique Accounting designates as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16 "Sensitive Personal Information" means any (a) Social Security number;

(b) sensitive health-related data including medical records; (c) biometric identifier; or (d) any one or more of the following when combined with an individual's name, address, or phone number: (i) date of birth, (ii) driver's license or other state identification number, or a foreign equivalent, (iii) military identification number, (iv) passport number, (v) financial institution account number, (vi) credit or debit card number; or (e) other sensitive information relating to an individual entitled to confidential status under applicable law or by order of this Court. Provided that for items designated under (e), the designating party identifies the specific applicable law, order, or other agreement entitling such information to confidential status at the time of designation.

3. <u>SCOPE</u>

The protections of this Stipulation and Order shall apply only to those Disclosures or Discovery Material that Unique Accounting provides in response to the Subpoenas or otherwise provides in relation to the Action.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

This Order continues to govern Confidential material after conclusion of the case absent further order of the Court.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise

in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

    5.1 <u>Certification of "Confidential" material.</u> An attorney producing material in discovery may designate material as "Confidential" if the attorney certifies in good faith that the material contains:

        (i) Sensitive Personal Information, or

        (ii) trade secret(s) or other confidential commercial information that is not known to be in the public domain and that, if disclosed to unauthorized persons, would cause competitive or other recognized harm; and that good cause exists to overcome the presumption of public access to material obtained in discovery.

    5.2 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.3 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for electronic materials, by promenantly marking each electronic page or subpart that is confidential as "CONFIDENTIAL." If the electronic material cannot be marked by page or subpart, the designee shall meet and confer with the recipient to determine a means to delineate the confidential material. Also, mark the electronic storage medium, as well as any electronic file and folder name CONFIDENTIAL.

(c) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material within ten days of receipt of the final deposition transcript by identifying the specific page(s) and line number(s) that constitute Confidential Material. If testimony is identified as confidential during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until ten days after receipt of the final transcript.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.4 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to mark Confidential Material prior to disclosure does not preclude a subsequent designation, but no prior disclosure of newly designated Confidential Material by a recipient shall violate this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time .

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. Local Rule 37 shall govern all disputes regarding the marking of documents as Confidential Material. In particular, within ten (10) days of a written objection to the designation of Confidential Material, the designating party must meet and confer with the other party and serve its portion of the Local Rule 37-2 Joint Stipulation. Failure to abide by this provision terminates confidential treatment.

6.3 The burden of proving that the designation is proper is on the designating

party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only for the purposes of this Action, or any appeal, therefrom, or for purposes of attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below .

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the FTC, the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary to assist in this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom

disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or execute FTC Form X33-Nondisclosure Agreement for Contractors;

   (d)  the court and its personnel;

   (e)  court reporters and their staff;

   (f)  Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or execute FTC Form X33-Nondisclosure Agreement for Contractors;the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   (g)  witnesses and their counsel who agree in writing to abide by this protective order.Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

   (h)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  7.3  Provided, however, that the Commission may, subject to taking appropriate steps to preserve its confidentiality, use or disclose such Protected Material as provided by its Rules of Practice; sections 6 and 21 of the Federal Trade Commission Act; with any state or federal agency for law enforcement purposes in accordance with Commission procedures; or any other legal obligation imposed upon the Commission.

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

"CONFIDENTIAL," that Party must:

  (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

  (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order.

The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. [INTENTIONALLY OMITTED]

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection,

the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. FINAL DISPOSITION

Except as otherwise stated herein, within 24 months of Unique Accounting's complete response to any subpoena, Unique Accounting may submit a written request that a Receiving Party return Protected Material to the Producing Party or destroy

such material. Within 60 days of that written request, a Receiving Party will return the requested Protected Material to the Producing Party or destroy such material. As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4. Notwithstanding the foregoing, the FTC may elect, at its option, to retain, return, or destroy Confidential materials in accordance with 16 C.F.R. § 4.12

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

15. The Undersigned Parties shall act in accordance with this [Proposed] Stipulated Protective Order, and each and every term set forth herein, as proposed from the date of its initial submission to the Court, acting under the good faith assumption and belief that the Court will ultimately accept, sign and enter the [Proposed] Stipulated Protective Order in its proposed from.

.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED

DATED: January 23, 2018

_____
GEORGE H. WU, U.S. District Judge

14

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of **_____** [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of the *Federal Trade Commission v. Universal Premium Services, Inc. et al*, Case No. 2:06-cv-0849-GW (OPx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint **_____** [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: **_____**

City and State where sworn and signed:**_____**

Printed name: **_____**

Signature: **_____**